**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50050 |
| Plaintiff - Appellee, | D.C. No. 3:13-CR-02734-LAB-1 |
| v. | |
| JOSE ISRAEL LOPEZ-DIAZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

After pleading guilty to importation of methamphetamine in violation of 21

U.S.C. §§ 952 and 960, Jose Israel Lopez-Diaz appeals the district court's denial of

a minor role reduction at sentencing. We have jurisdiction pursuant to 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1291, and we reverse and remand for re-sentencing in light of newly amended U.S.S.G. § 3B1.2.[1]

We review the district court's interpretation of the Sentencing Guidelines de novo and the district court's factual findings for clear error. *United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015). We have previously noted an intracircuit conflict as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion. *Id.* We need not resolve that conflict here because "the choice of standard . . . does not affect the outcome of this case." *Id.* (internal quotation marks omitted).

In November 2015, approximately two years after Lopez-Diaz was sentenced, the United States Sentencing Commission published Amendment 794 (the Amendment) after finding that the minor role reduction was being "applied inconsistently and more sparingly than the Commission intended." U.S.S.G. App. C. Amend. 794. Among other changes, the Amendment added a non-exhaustive list of factors a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2, comment., n.1(c).

---

[1] Lopez-Diaz also appeals the district court's imposition of a 57-month sentence as substantively unreasonable. Because we remand for re-sentencing, we do not reach this issue.

The Amendment applies retroactively in direct appeals. *See United States v. Quintero-Leyva*, – F.3d – (9th Cir. 2016). Because we cannot determine from the record whether the district court considered all the factors now listed in § 3B1.2 when sentencing Lopez-Diaz, we vacate the sentence and reverse and remand for re-sentencing in light of newly amended § 3B1.2. On remand, the district court "should consider" the factors identified in Amendment 794: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

**REVERSED and REMANDED.**